UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| Emerson Electric Co. | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Civil Action No. |
| | ) | |
| NBC Universal Television | ) | Jury Trial Demanded |
| Studios Inc. | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT AND JURY DEMAND

Plaintiff Emerson Electric Co., by and through its attorneys, hereby complains against the Defendant NBC Universal Television Studios Inc. as follows:

## JURISDICTION

1.     This Court has subject matter jurisdiction over Count I (Federal Unfair Competition) under the Lanham Act, 15 U.S.C. § 1051 *et seq*., and 28 U.S.C. § 1338(b); over Count II (Federal Trademark Infringement) under the Lanham Act 15 U.S.C. § 1051 *et seq*., and 28 U.S.C. §1338(a); over Count III (Federal Trademark Dilution) under the Lanham Act 15 U.S.C. § 1051 *et seq*., and 28 U.S.C. § 1331; and over Counts IV, V, VI and VII under 28 U.S.C. § 1367(a).

2.     This Court has personal jurisdiction over NBC Universal Television Studios Inc. pursuant to Fed. R. Civ. P. 4(e) and MO. REV. STAT. § 506.500, which operate to effect "long-arm" jurisdiction over NBC Universal Television Studios Inc. due to its contacts with this judicial district, including its acts of unfair competition, trademark infringement and trademark dilution in this district.

3.      Venue is proper in this case under 28 U.S.C. §1391(b) and (c).

## PLAINTIFF

4.      Emerson Electric Co. (hereinafter "EMERSON") is a corporation organized and existing under the laws of Missouri, with its principal place of business at 8000 West Florissant Avenue, St. Louis, Missouri 63136.  The business of EMERSON that is relevant to this action concerns the manufacture and sale of food waste disposers by EMERSON's In-Sink-Erator division under EMERSON's **IN SINK ERATOR**® trademarks.

## DEFENDANT

5.      NBC Universal Television Studios Inc. (hereinafter "NBC") is a subsidiary of General Electric Company, and is organized and existing under the laws of Delaware, with a principal place of business at 100 Universal City Plaza Bldg 4250/3, Universal City, California 91608.

## FACTUAL BACKGROUND

6.      EMERSON, through its In-Sink-Erator division, is in the business of manufacturing and selling food waste disposers under EMERSON's **IN SINK ERATOR**® trademarks, among other things.

7.      EMERSON owns the above-referenced trademarks, and has been issued the following federal trademark registration:

| TRADEMARK | REGISTRATION NUMBER |
|:---:|:---:|
| **IN·SINK·ERATOR** | 0692347 |

(hereafter referred to as the "Registered Trademark").

8.      The above-identified federal trademark registration is in full force and effect, unrevoked and uncancelled.  A copy of the Registered Trademark is attached hereto as Exhibit 1.

2

9.     The Registered Trademark reflected in Exhibit 1 has attained incontestable status under 15 U.S.C. § 1065.

10.     EMERSON also has common law rights in its **IN SINK ERATOR**® trademarks due to EMERSON's long and uninterrupted use of its trademarks (hereafter referred to as the "Common Law Marks") through its In-Sink-Erator division.

11.     In fact, over the last 78 years, EMERSON has built and sold nearly 100 million food waste disposers under its **IN SINK ERATOR**® trademarks, including its Registered Trademark, through its In-Sink-Erator division.

12.     EMERSON has in the past and is now expending a substantial amount of time, effort, and money to develop the goodwill that has come to be associated with its products, including its food waste disposers, under its **IN SINK ERATOR**® trademarks, including the Registered Trademark.

13.     EMERSON has invested millions of dollars in advertising and promoting its products under the **IN SINK ERATOR**® trademarks throughout the United States.

14.     As a result of EMERSON's efforts, EMERSON's **IN SINK ERATOR**® trademarks, including the Registered Trademark, have come to be, and now are, well and favorably known to the public as being associated with products of the highest quality.

15.     The use of EMERSON's **IN SINK ERATOR**® trademarks, including the Registered Trademark, on EMERSON's products is distinctive.  EMERSON has thereby built up and now owns valuable goodwill that is represented by its **IN SINK ERATOR**® trademarks, including the Registered Trademark.

16.     NBC, without the consent or authority from EMERSON, has used and is continuing to use EMERSON's **IN SINK ERATOR**® trademarks, including the Registered

Trademark, in connection with the pilot episode of a television show called "Heroes" that NBC aired to a national television audience on September 25, 2006, attracting approximately 19 million viewers.

17. NBC also will air the pilot episode of "Heroes" on USA Network and on Canada's Global TV on October 2, 2006.

18.  In addition, NBC has made the pilot episode of "Heroes" available to be downloaded and viewed by the public over the internet at "www.Heroes.nbc.com" and "www.nbc.com/Heroes/".

19. In NBC's pilot episode of "Heroes," a young woman puts her hand in what NBC portrays as an EMERSON **IN SINK ERATOR**® brand food waste disposer, suffering severe injuries as a result.

20. Shown below are screen prints from NBC's pilot episode of "Heroes," copies of which were obtained over the internet.

//

//

//

//

//

//

//

//

//

4

21.    The first print clearly shows EMERSON's **IN SINK ERATOR**® trademark on the flange of the food waste disposer, as depicted in NBC's pilot episode of "Heroes."



22.     The next print shows an arm reaching into what purports to be an EMERSON **IN SINK ERATOR**® brand food waste disposer, since EMERSON's **IN SINK ERATOR**® trademark remains visible.



23.     The next print is a cut back to the young woman that placed her hand in what purports to be an EMERSON **IN SINK ERATOR**® brand food waste disposer.



24.     The next print cuts back to a hand in the food waste disposer.   Once again, EMERSON's **IN SINK ERATOR**® trademark is visible on the food waste disposer's flange.



25.     The next print shows a hand being withdrawn from the food waste disposer, having suffered severe trauma.  EMERSON's **IN SINK ERATOR**® trademark remains visible on the food waste disposer's flange.



26.     The final print shows the young woman and her hand after removing it from the food waste disposer.  This suggests that EMERSON's **IN SINK ERATOR**® brand food waste disposers will cause debilitating and severe injuries, including the loss of fingers, in the event consumers were to accidentally insert their hand into one.



27.     The nature, characteristics, and qualities of EMERSON's **IN SINK ERATOR®** brand food waste disposers are not as NBC has represented to the public in the pilot episode of "Heroes."

28.     Among other things, it implies an incorrect and dangerous design for a food waste disposer, misrepresenting that the internal elements in EMERSON's **IN SINK ERATOR®** brand food waste disposers will cause the severe injuries that the pilot depicts.

29.     In addition, the pilot episode of "Heroes" casts EMERSON's **IN SINK ERATOR®** brand food waste disposers in an unsavory light, irreparably tarnishing the product, EMERSON's **IN SINK ERATOR®** trademarks, and the associated goodwill.

## COUNT I
## FEDERAL UNFAIR COMPETITION

30.     EMERSON incorporates by reference all of the averments set forth in Paragraphs 1 through 29, inclusive, with the same effect as though fully rewritten in this Count for federal unfair competition against NBC.

31.     NBC, without the consent or authority of EMERSON, has used and is continuing to use EMERSON's **IN SINK ERATOR®** trademarks in commerce, including the Registered Trademark, in connection with a food waste disposer that misrepresents the nature, characteristics, and qualities of EMERSON's **IN SINK ERATOR®** brand food waste disposers.

32.     NBC's use of EMERSON's **IN SINK ERATOR®** trademarks is in the context of commercial advertising and promotion for its September 25, 2006 episode of "Heroes," and said unlawful use has been willful and intentional.

33.     By virtue of these facts, NBC's acts constitute unfair competition under §43(a) of the Lanham Act, 15 U.S.C. §1125(a)(1)(B).

34.     NBC's acts are causing irreparable injury to EMERSON's trade, business reputation, prestige, and goodwill.  EMERSON has no adequate remedy at law and said acts will continue unless restrained by this Court.

**COUNT II**
**FEDERAL TRADEMARK INFRINGEMENT**

35.     EMERSON incorporates by reference all of the averments set forth in Paragraphs 1 through 34, inclusive, with the same effect as though fully rewritten in this Count for federal trademark infringement against NBC.

36.     NBC, without the consent or authority of EMERSON, has used and is continuing to use in commerce EMERSON's **IN SINK ERATOR**® trademarks, including the Registered Trademark, in a manner that is likely to cause confusion, or to cause mistake as to the sponsorship or association of such use with EMERSON, in violation of 15 U.S.C. §§ 1114 and 1125(a)(1)(A).

37.     NBC's infringing use of EMERSON's **IN SINK ERATOR**® trademarks, including the Registered Trademark, has been deliberate and willful, and has been committed with the intent to cause confusion, mistake, and to deceive and defraud the public, as well as tarnish the goodwill associated with EMERSON's **IN SINK ERATOR**® trademarks, including the Registered Trademark.

38.     NBC's acts are causing irreparable injury to EMERSON's trade, business reputation, prestige and goodwill.  EMERSON has no adequate remedy at law and said acts will continue unless restrained by this Court.

**COUNT III**
**FEDERAL TRADEMARK DILUTION**

39.     EMERSON incorporates by reference all of the averments set forth in Paragraphs 1 through 38, inclusive, with the same effect as though fully rewritten in this Count for federal trademark dilution against NBC.

40.     EMERSON's **IN SINK ERATOR**® trademarks, including the Registered Trademark, are famous and distinctive as that term is used in 15 U.S.C. § 1125(c)(1) due to, among other things:

- the inherent and acquired distinctiveness of EMERSON's **IN SINK ERATOR**® trademarks, including the Registered Trademark;

- the duration and extent of EMERSON's use of its **IN SINK ERATOR**® trademarks, including the Registered Trademark;

- EMERSON's use of its **IN SINK ERATOR**® trademarks, including the Registered Trademark, in connection with various products, including food waste disposers;

- the duration and extent of EMERSON's advertising using its **IN SINK ERATOR**® trademarks, including the Registered Trademark;

- the geographic area in which EMERSON, through its In-Sink-Erator division, has sold and advertised food waste disposers and other products featuring EMERSON's **IN SINK ERATOR**® trademarks, including the Registered Trademark;

- the channels of trade which EMERSON uses to market its products featuring its **IN SINK ERATOR**® trademarks, including the Registered Trademark;

- the degree of public recognition of EMERSON's **IN SINK ERATOR**® trademarks, including the Registered Trademark; and

- the federal registration of EMERSON's Registered Trademark.

13

42. NBC, without the consent or authority of EMERSON, has used and is continuing to use in commerce EMERSON's **IN SINK ERATOR**® trademarks, including the Registered Trademark, in connection with a food waste disposer that misrepresents the nature, characteristics, and qualities of EMERSON's **IN SINK ERATOR**® brand food waste disposers.

43. NBC's acts, which occurred after EMERSON's **IN SINK ERATOR**® trademarks, including the Registered Trademark, became famous, have been willful and deliberate, are likely to cause and/or are intended to cause dilution, blurring, and tarnishment of EMERSON's **IN SINK ERATOR**® trademarks, including the Registered Trademark, and thus constitute a violation of 15 U.S.C. § 1125(c).

44. NBC's acts are causing irreparable injury to EMERSON's trade, business reputation, prestige and goodwill. EMERSON has no adequate remedy at law and said acts will continue unless restrained by this Court.

**COUNT IV**
**INJURIOUS FALSEHOOD, DISPARAGEMENT OF PROPERTY,**
**SLANDER OF GOODS, COMMERCIAL DISPARAGEMENT,**
**AND TRADE LIBEL IN VIOLATION OF MISSOURI STATE LAW**

45. EMERSON incorporates by reference all of the averments set forth in Paragraphs 1 through 44, inclusive, with the same effect as though fully rewritten in this Count for product disparagement against NBC.

46. NBC, without the consent or authority of EMERSON, has used and is continuing to use EMERSON's **IN SINK ERATOR**® trademarks, including the Registered Trademark, in connection with a food waste disposer that misrepresents the nature, characteristics, and qualities of EMERSON's **IN SINK ERATOR**® brand food waste disposers.

47. NBC's depiction of EMERSON's **IN SINK ERATOR**® brand food waste disposer casts the disposer in an unsavory light, irreparably tarnishing the product, EMERSON's

IN SINK ERATOR® trademarks, including the Registered Trademark, and the associated goodwill.

48.     NBC knew, or should have known, that its representations of EMERSON's **IN SINK ERATOR**® brand food waste disposer were false, or NBC acted with reckless disregard as to their truth or falsity.

49.     NBC knew, or should have known, and, on information and belief intended, that its depiction of EMERSON's **IN SINK ERATOR**® brand food waste disposer would result in pecuniary harm to EMERSON.

50.     NBC's depiction of EMERSON's **IN SINK ERATOR**® brand food waste disposer did in fact cause pecuniary harm to EMERSON.

51.     NBC's acts are causing irreparable injury to EMERSON's trade, business reputation, prestige and goodwill.  EMERSON has no adequate remedy at law and said acts will continue unless restrained by this Court.

## COUNT V
## <u>DEFAMATION</u>

52.     EMERSON incorporates by reference all of the averments set forth in Paragraphs 1 through 51, inclusive, with the same effect as though fully rewritten in this Count for defamation against NBC.

53.     NBC, without the consent or authority of EMERSON, has used and is continuing to use EMERSON's **IN SINK ERATOR**® trademarks, including the Registered Trademark, in connection with a food waste disposer that misrepresents the nature, characteristics, and qualities of EMERSON's **IN SINK ERATOR**® brand food waste disposers.

54.     NBC has published its defamatory statements and images with respect to the nature, characteristics, and qualities of EMERSON's **IN SINK ERATOR**® brand food waste

disposers to a national television audience, and over the internet at "www.nbc.com/Heroes/" to present and prospective customers of EMERSON.

55.     NBC acted with malice in that it knew, or should have known, that its publications were false and misleading, or acted with reckless disregard as to their truth or falsity.  NBC was also negligent in publishing the false and misleading statements and images regarding EMERSON's **IN SINK ERATOR**® brand food waste disposers.

56.     NBC's publication of defamatory statements and images has caused and will continue to cause harm to EMERSON's character and reputation.

57.     NBC's acts are causing irreparable injury to EMERSON's trade, business reputation, prestige and goodwill.  EMERSON has no adequate remedy at law and said acts will continue unless restrained by this Court.

**COUNT VI**
**TRADEMARK DILUTION UNDER MISSOURI LAW**

58.     EMERSON incorporates by reference all of the averments set forth in Paragraphs 1 through 57, inclusive, with the same effect as though fully rewritten in this Count against NBC for Missouri trademark dilution.

59.     EMERSON'S **IN SINK ERATOR**®  trademarks are distinctive due to, among other things:

- the inherent and acquired distinctiveness of EMERSON's **IN SINK ERATOR**® trademarks;

- the duration and extent of EMERSON's use of its **IN SINK ERATOR**® trademarks;

- EMERSON's use of its **IN SINK ERATOR**® trademarks in connection with various products, including food waste disposers;

- the duration and extent of EMERSON's advertising using its **IN SINK ERATOR**® trademarks;

- the geographic area in which EMERSON, through its In-Sink-Erator division, has sold and advertised food waste disposers and other products featuring EMERSON's **IN SINK ERATOR**® trademarks;

- the channels of trade in which EMERSON uses to market its products featuring its **IN SINK ERATOR**® trademarks;

- the degree of public recognition of EMERSON's **IN SINK ERATOR**® trademarks; and

- the federal registration of EMERSON's Registered Trademark.

60.     NBC, without the consent or authority of EMERSON, has used and is continuing to use in commerce EMERSON's **IN SINK ERATOR**® trademarks in connection with a food waste disposer that misrepresents the nature, characteristics, and qualities of EMERSON's **IN SINK ERATOR**® brand food waste disposers.

61.     NBC's acts have been willful and deliberate, have created a likelihood of injury to Emerson's business reputation, and are likely to cause and/or are intended to cause dilution, blurring, and tarnishment of EMERSON's **IN SINK ERATOR**® trademarks, including the Registered Trademark, and thus constitute a violation of Mo. Rev. Stat. § 417.061.

62.     NBC's acts are causing irreparable injury to EMERSON's trade, business reputation, prestige and goodwill.  EMERSON has no adequate remedy at law and said acts will continue unless restrained by this Court

17

## COUNT VII
## TORTIOUS INTERFERENCE WITH
## CONTRACTUAL OR BUSINESS RELATIONS

63.     EMERSON incorporates by reference all of the averments set forth in Paragraphs 1 through 62, inclusive, with the same force and effect as though fully rewritten here in this Count against NBC for tortuous interference with EMERSON's economic relations.

64.     NBC, by virtue of the facts herein averred, has knowingly, willfully, and without justification, engaged in tortious interference with EMERSON's contractual and business relations by using EMERSON's **IN SINK ERATOR**® trademarks, including the Registered Trademark, in a pilot episode of "Heroes" in such a manner that it is likely to mislead the public, including current and prospective EMERSON customers, as to the quality of EMERSON's products, including EMERSON's **IN SINK ERATOR**® brand food waste disposers.

65.     NBC knew, or should have known, of EMERSON's contractual and business relationships by virtue of EMERSON's national advertising and product promotions relating to **IN SINK ERATOR**® brand food waste disposers.

66.     NBC knew, or should have known, that its misrepresentations were likely to result in harm to EMERSON's character and reputation, and result in interference with its customer relations.

67.     NBC's acts are causing irreparable injury to EMERSON's trade, business reputation, prestige and goodwill.  EMERSON has no adequate remedy at law and said acts will continue unless restrained by this Court.

**WHEREFORE**, Plaintiff EMERSON requests that this Court:

A.      Enter an Order preliminarily, and at the time of final judgment permanently restraining NBC, its agents, servants, licensees, distributors and employees and all persons in active concert or participation with them, from (1) showing the pilot episode of "Heroes"; (2) using any reproduction or colorable imitation of any EMERSON trademark; and (3) making in any manner whatsoever any statement, indication, suggestion or representation, or performing any act likely to lead the public or individual members of the public to believe that NBC is, in any manner, directly or indirectly, associated, connected with, licensed, authorized, franchised or approved by EMERSON or by anyone connected with EMERSON;

B.      Enter an order directing NBC to destroy all materials having any EMERSON trademarks or colorable imitations of those trademarks depicted anywhere which are intended to be shown or viewed in a manner not authorized by EMERSON;

C.      Enter an order directing NBC to remove any EMERSON trademarks or colorable imitation thereof from any subsequently released video tapes, DVDs or other media of the pilot episode of "Heroes";

D.      Enter an order requiring NBC to file with the Court and to serve on EMERSON's counsel, within thirty (30) days after service of any preliminary injunction or permanent injunction issued, or within such reasonable time as the Court shall direct, a report in writing and under oath setting forth in detail the manner and form in which NBC has complied with the injunction;

E.      Enter judgment in favor of EMERSON for the damages suffered by EMERSON as a result of NBC's acts of unfair competition, trademark infringement, trademark dilution, and

violations of state statute and state common law, including an award of corrective advertising damages;

F.      Enter judgment in favor of EMERSON in an amount to be set forth when determined as compensatory damages, the amount of damages attributable to unfair competition, trademark infringement, and trademark dilution being trebled, and a proper amount of punitive and exemplary damages;

G.      Award EMERSON its expenses, including the attorney's fees it incurred in the pursuit of this action; and

H.      Award EMERSON its costs and such further relief as the Court deems necessary and proper.

Date:  October 2, 2006

_____

Rudolph A. Telscher
Harness, Dickey & Pierce, P.L.C.
770 Bonhomme, Suite 400
Clayton, Missouri 63105

Telephone:  (314) 726-7500
Facsimile:  (314) 726-7501

Of counsel:

Michael P. Brennan
George T. Schooff
Harness, Dickey & Pierce, P.L.C.
5445 Corporate Drive, Suite 400
Troy, Michigan 48098

Telephone:  (248) 641-1600
Facsimile:  (248) 641-0270

*Attorneys for Plaintiff*

## REQUEST FOR JURY DEMAND

PLAINTIFF, Emerson Electric Co., hereby respectfully requests a trial by jury for all issues triable by same.

Date:  October 2, 2006

Rudolph A. Telscher, #8578
Kara R. Yancey, #503030
Harness, Dickey & Pierce, P.L.C.
7700 Bonhomme, Suite 400
Clayton, Missouri 63105

Telephone:  (314) 726-7500
Facsimile:  (314) 726-7501

Of counsel:

Michael P. Brennan
George T. Schooff
Harness, Dickey & Pierce, P.L.C.
5445 Corporate Drive, Suite 400
Troy, Michigan 48098

Telephone:  (248) 641-1600
Facsimile:  (248) 641-0270

*Attorneys for Plaintiff*